Sealed
Public and unofficial staff access to this instrument are prohibited by court order

United States Courts
Southern District of Texas
FILED

*December 01, 2022*

Nathan Ochsner, Clerk of Court

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | CRIMINAL NO. H-20-CR-125-S |
| v. | § § | |
| SUMMER HEATHER WORDEN | § § | UNDER SEAL |

SUPERSEDING INDICTMENT

THE GRAND JURY CHARGES:

Introduction

At all times material to this Indictment:

1. The Federal Trade Commission (FTC) was a bi-partisan agency within the executive branch of the government of the United States with the dual mission to protect consumers and promote competition.

2. The National Aeronautics and Space Administration (NASA) was an agency within the executive branch of the government of the United States with the mission to drive advances in science, technology, aeronautics, and space exploration in order to enhance knowledge, education, innovation, economic vitality and stewardship of earth.

3. The NASA Office of the Inspector General was an office within NASA that conducted audits, review, and investigations of NASA programs and operations

to prevent and detect fraud, waste, abuse, and mismanagement and to assist NASA management in promoting economy, efficiency, and effectiveness. Among its missions was the duty to investigate allegations of crime, cybercrime, fraud, abuse or misconduct having an impact on NASA programs, personnel and resources.

4. SUMMER HEATHER WORDEN ("Defendant") was a resident of Travis County, Texas until approximately June 2020, when she became a resident of Sedgwick County, Kansas. WORDEN maintained multiple accounts at USAA Federal Savings Bank (USAA), and these accounts were accessible through her online banking profile at USAA.com by entering login credentials, including a username, password, and PIN.

5. Person A was a commissioned officer serving in the United States Army on detail to NASA's Johnson Space Center, which was located in the Southern District of Texas.

6. From at least 2015 until January 31, 2019, WORDEN granted access to her online banking profile at USAA.com, including her login credentials, to Person A. In April 2018, WORDEN opened a personal checking account at USAA, with an account number ending in -4223, which was named in WORDEN's online USAA banking profile as the "KC House" account and referred to by WORDEN and Person A as the "KC" account.

## COUNT ONE
### (False Statement, 18 U.S.C. § 1001)

7. On or about March 19, 2019, in the Southern District of Texas and elsewhere within the jurisdiction of the Court, defendant,

**SUMMER HEATHER WORDEN,**

did willfully and knowingly make materially false, fictitious, and fraudulent statements and representations in a matter within the jurisdiction of the executive branch of the government of the United States, to wit, the defendant falsely stated and represented to the Federal Trade Commission that in September of 2018, she had opened a new "personal checking account" and "reset my login credentials," and "had changed passwords and opened a new private account specifically to ensure that [Person A] had no visibility or access to my financial status/transactions." These statements and representations were false because, as defendant WORDEN then and there knew, she had opened the above account in April 2018 and did not change her login credentials until January 31, 2019.

In violation of Title 18, United States Code, Section 1001(a)(2).

## COUNT TWO
### (False Statement, 18 U.S.C. § 1001)

8. On or about July 22, 2019, in the Southern District of Texas and elsewhere within the jurisdiction of the Court, defendant,

**SUMMER HEATHER WORDEN**,

did willfully and knowingly make materially false, fictitious, and fraudulent statements and representations in a matter within the jurisdiction of the executive branch of the government of the United States, to wit, the defendant falsely stated and represented to Special Agents of the NASA Office of the Inspector General, in Houston, Texas, the following:

a. That in September 2018 defendant WORDEN opened a new checking account with USAA and changed her USAA online banking profile login credentials. These statements and representations were false because, as defendant WORDEN then and there knew, the USAA checking account she was referring to was opened in April 2018 and defendant WORDEN had not changed her USAA online banking profile login credentials; and

b. That Person A had improperly accessed Defendant WORDEN's new USAA Federal Savings Bank checking account from the NASA International Space Station without WORDEN's consent on January 5, 2019, and January 31, 2019. These statements and representations were false because, as defendant WORDEN then and there knew, WORDEN had previously provided her USAA online banking

4

profile login credentials to Person A and given permission to Person A to access her USAA online banking profile, and at no point prior to January 5, 2019, and January 31, 2019, had defendant WORDEN revoked her permission to Person A to access this profile.

All in violation of Title 18, United States Code, Section 1001(a)(2).

## COUNTS THREE through EIGHT
### (Wire Fraud, 18 U.S.C. § 1343)

9. Paragraphs One through Eight are re-alleged and re-incorporated as if set forth herein.

10. Lot Seven, Block C of The Ranch at Lakeside, Section One (the "Spicewood Site"), was a 1.77 acre piece of real estate located at 27225 Haynie Flat Road, Spicewood, Texas.

11. In approximately September 2017, defendant WORDEN solicited multiple individuals to invest in the Spicewood Site. WORDEN offered these individuals the opportunity to invest through what she termed a "private placement group investment," which involved WORDEN collecting funds from the investors, purchasing the Spicewood Site on behalf of a newly-formed limited liability corporation (LLC) owned by the investors, transferring title to the property to the LLC, and eventually selling the property and splitting the profits among the investors.

12. From September 19-21, 2017, four groups of investors wired $52,500.00 each to a USAA bank account ending in -9604 that defendant WORDEN controlled. These wire transfers, which totaled $210,000.00, occurred as follows:

| DATE | WIRE SENT BY: | SENDER'S BANK ACCOUNT: | RECIPIENT | RECIPIENT'S BANK ACCOUNT: | AMOUNT |
|---|---|---|---|---|---|
| September 19, 2017 | VICTIM A & B | BANK OF AMERICA -7468 | SUMMER HEATHER WORDEN | USAA -9604 | $52,500.00 |
| September 20, 2017 | VICTIM C & D | WELLS FARGO -9027 | SUMMER HEATHER WORDEN | USAA -9604 | $52,500.00 |
| September 20, 2017 | VICTIM E & F | WELLS FARGO -4927 | SUMMER HEATHER WORDEN | USAA -9604 | $52,500.00 |
| September 21, 2017 | VICTIM G & H | WELLS FARGO -2096 | SUMMER HEATHER WORDEN | USAA -9604 | $52,500.00 |

During this same time period, defendant WORDEN also withdrew $25,000.00 from a joint account she shared with Person A and contributed it to the pool of shared funds in the USAA account.

13. On or about September 21, 2017, defendant WORDEN completed the purchase of the Spicewood Site by sending $221,846.45 by wire transfer from the USAA bank account ending in -9604. The property was transferred to and held in the name of defendant WORDEN.

14. On or about September 21, 2017, defendant WORDEN sent an email to four of the investors. She wrote, "Hey folks—closing took place today.

6

Congrats—you're the proud new owners of a blank canvas of land." WORDEN also wrote, "attached is a simple memo to hold on to until we have everything officially moved into the entity name."

15. Defendant WORDEN attached to the September 21 email a document entitled "MEMORANDUM OF AGREEMENT TO PURCHASE REAL ESTATE THROUGH PRIVATE PLACEMENT GROUP INVESTMENT." In it, defendant WORDEN listed the capital contributors, represented that she had made the purchase on behalf of "the newly formed LLC," and stated, "It is agreed a transfer of title into the name of the newly formed business entity will occur upon legal formation of the entity. All contributing investors will be members of the new entity. The current title shall transfer ownership from 'Summer Worden' (individual) to the newly formed entity upon completion of entity by [an attorney]." Defendant WORDEN ended the memorandum by stating, "This record of information serves as receipt of funds and intent of ownership and is acknowledged and agreed in writing on or before Sept 21, 2017."

16. On or about June 7, 2018, defendant WORDEN formed Spicewood Commercial 7, LLC, a limited liability company. The LLC formation document listed WORDEN as the sole manager of Spicewood Commercial 7 and did not list the investors as managers or members.

17. On August 20, 2018, an investor sent a text message to defendant

7

WORDEN and asked in whose name the property was held. Defendant WORDEN replied and falsely claimed that the property was held in the name of the LLC. The next day, on or about August 21, 2018, WORDEN transferred ownership of the Spicewood Site to Spicewood Commercial 7.

18. On or about February 27, 2020, a grand jury sitting in the Southern District of Texas returned the original indictment in this case, charging the defendant with two counts of making false statements in violation of 18 U.S.C. § 1001. Defendant WORDEN subsequently hired attorneys to represent her on these charges. On or about January 27, 2021, defendant WORDEN's attorneys moved to withdraw from the case and cease representing her. On or about February 3, 2021, the Court granted this motion, and subsequently ordered the defendant to retain new counsel within 30 days.

19. On or about February 8, 2021, defendant WORDEN signed a contract to sell the Spicewood Site to a commercial real estate development company for a total purchase price of $304,500.00. That same day, WORDEN opened another personal checking account, ending in -3992, with USAA. On or about February 9, 2021, that -3992 account received a $200.00 wire transfer from the purchaser of the Spicewood Site, representing the independent consideration for the purchase of the property.

20. On or about March 23, 2021, defendant WORDEN completed the sale

of the Spicewood Site. After closing fees and commissions, a final wire transfer of $288,885.18 was sent to WORDEN's USAA checking account ending in -3992. WORDEN did not notify the investors of the sale of the property at this time, nor did she disburse the proceeds of the sale.

21. On or about March 24, 2021, defendant WORDEN used proceeds of the sale to pay off two loans, including a personal loan in the amount of $8,800.84 and a car loan in the amount of $18,283.88.

22. On or about March 25, 2021, defendant WORDEN wired $10,000.00 of the proceeds to pay new attorneys she had hired to represent her on the original indictment.

23. On or about April 2, 2021, one of the investors sent a text message to defendant WORDEN asking for an update "on the possibility of listing and selling" the property. WORDEN replied, "You will be cashed out soon[.]"

24. When other investors also asked about the status of the property on or about April 2, 2021, defendant WORDEN accused them of "playing dumb," conspiring to support Person A in her child custody lawsuit with defendant WORDEN, and being, "all a joke—you're fake—you lack integrity and are groupies." WORDEN then later wrote to them, "Yes your cash out will be sometime soon."

25. On or about April 5, 2021, defendant WORDEN texted the group of

investors, "I owe you no information and I am not providing anything at this time—you will receive your mailing when the CPA processes it all—sit tight and in time you will get what you wanted."

26. On or about April 28, 2021, defendant WORDEN told a different investor "You will be cashed out soon. . . as soon as my CPA gets to it. It's tax season right now so he has other obligations."

27. In reality, WORDEN's accountant was not involved in "processing" the proceeds of the sale. Instead, defendant WORDEN continued to move the money through a series of bank accounts that she controlled and spent the entirety of the funds on personal expenses.

### The Scheme

28. Beginning in at least August 2018, the exact date being unknown, and continuing through in or about September 2022, the defendant,

**SUMMER HEATHER WORDEN,**

did knowingly devise and intend to devise a scheme and artifice to defraud, and to obtain money and property by false and fraudulent pretenses, representations and promises.

### Purpose of the Scheme

29. The purpose and object of the scheme was for WORDEN to unjustly enrich herself by obtaining money and property falsely and fraudulently from the

Spicewood Site investors in the form of capital contributions and profits that WORDEN concealed and used for her own benefit.

### Manner and Means of the Scheme

30. Among the manner and means by which the defendant sought to accomplish the purpose of the scheme to defraud were:

a. Defendant WORDEN would and did make false statements and material omissions regarding the Spicewood Site real estate development, including the true owner of the property and the membership of the Spicewood Commercial 7 LLC;

b. Defendant WORDEN would and did make false statements and material omissions regarding the financial status of the project, including failing to tell the investors whether and when the property had been sold, the purchase price, the disposition of the sale proceeds, when the investors would be paid, and what was delaying the payments; and

c. Defendant WORDEN would and did convert the sale proceeds and use them for her own benefit, including by using the USAA bank account ending in -3992 to send wire transfers to other bank accounts she controlled, send wire transfers to a TD Ameritrade investment account, and write checks to pay for other personal expenses.

31. On or about the dates listed below, in the Southern District of Texas and elsewhere within the jurisdiction of the Court, for the purpose of executing the

11

scheme and artifice to defraud, and to obtain money and property by means of false and fraudulent pretenses, representations, and promises, and intending to do so, defendant WORDEN knowingly transmitted and caused to be transmitted by means of wire communication in interstate commerce the electronic communications set forth in the Counts below:

| COUNT | DATE | DESCRIPTION |
|---|---|---|
| 3 | August 20, 2018 | A text message from WORDEN to a group of investors falsely stating that the Spicewood Site property was held in the name of "the LLC" |
| 4 | March 26, 2021 | A debit card purchase in the amount of $3,156.07 from a USAA bank account ending in -4223 to Jabara Carpet Gallery |
| 5 | March 26, 2021 | A wire transfer in the amount of $1,840.00 from a USAA bank account ending in -3992 to a USAA checking account ending in -9612 |
| 6 | March 26, 2021 | A wire transfer in the amount of $7,142.00 from a USAA bank account ending in -3992 to a USAA checking account ending in -9612 |
| 7 | April 2, 2021 | A text message from WORDEN to a group of investors falsely stating "You will be cashed out soon" |
| 8 | April 28, 2021 | A text message from WORDEN to an investor falsely stating "You will be cashed out soon. . . as soon as my CPA gets to it. It's tax season right now so he has other obligations." |

All in violation of Title 18, United States Code, Section 1343.

## COUNTS NINE through ELEVEN
### (Financial Transactions Involving Proceeds of Specified Unlawful Activity, 18 U.S.C. § 1957)

32. Paragraphs One through Thirty are re-alleged and re-incorporated as if set forth herein.

33. On or about the dates listed below, in the Southern District of Texas and elsewhere within the jurisdiction of the Court, the defendant,

**SUMMER HEATHER WORDEN,**

did knowingly engage and attempt to engage in a monetary transaction in criminally derived property of a value greater than $10,000 that was derived from specified unlawful activity, to wit, wire fraud, as follows:

| COUNT | DATE | DESCRIPTION OF FINANCIAL TRANSACTION | AMOUNT |
|---|---|---|---|
| 9 | July 1, 2021 | A wire transfer by WORDEN from her USAA bank account ending in -9612 to a TD Ameritrade investment account | $61,000 |
| 10 | July 8, 2021 *JP* | A wire transfer by WORDEN from her USAA bank account ending in -9612 to a TD Ameritrade investment account | $90,000 |
| 11 | April 7, 2022 | A wire transfer by WORDEN from a TD Ameritrade investment account to her USAA bank account ending in -9612 | $21,960 |

All in violation of Title 18, United States Code, Section 1957.

## NOTICE OF FORFEITURE
## 18 U.S.C. §§ 981(a)(1)(C), 982 and 28 U.S.C. § 2461(c)

Pursuant to Title 18, United States Code, Sections 981(a)(1)(C), 982 and Title 28, United States Code, Section 2461(c), the United States gives notice to Defendant, **SUMMER HEATHER WORDEN**, that in the event of conviction of Wire Fraud (18 U.S.C. § 1343), the Defendant shall forfeit to the United States of America all property, real or personal, which constitutes or is derived from proceeds traceable to said violation(s).

## NOTICE OF FORFEITURE
## 18 U.S.C. § 982(a)(1)

Pursuant to Title 18, United States Code, Section 982(a)(1), the United States gives notice to Defendant, **SUMMER HEATHER WORDEN**, that in the event of conviction of Financial Transactions Involving Proceeds of Specified Unlawful Activity (18 U.S.C. § 1957), the Defendant shall forfeit to the United States of America all property, real or personal, involved in such offense, and all property traceable to such property.

Money Judgment and Substitute Assets

The United States will seek imposition of a money judgment against each of Defendant, **SUMMER HEATHER WORDEN**. In the event that a condition listed in Title 21, United States Code, Section 853(p) exists, the United States will seek to forfeit any other property of the Defendant in substitution up to the total value of the property subject to forfeiture.

JENNIFER LOWERY
UNITED STATES ATTORNEY
SOUTHERN DISTRICT OF TEXAS

By: _____
ARTHUR R. JONES
JOHN P. PEARSON
RALPH E. IMPERATO
Assistant United States Attorneys
Southern District of Texas

**Original Signature on File**

Foreperson of the Grand Jury