UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| v. | § | CASE NO. 4:20-CR-125-S |
| | § § | |
| SUMMER HEATHER WORDEN | § | |

## MOTION TO REVOKE ORDER OF RELEASE

The United States of America, by and through its undersigned attorneys, moves under Title 18, United States Code, Section 3148 and respectfully requests the Court revoke the order allowing the defendant to be released from custody pending trial on the original Indictment in this case. As further detailed below, the United States believes revocation of this order is appropriate because the defendant has committed several federal felony criminal offenses while on pretrial release, as detailed in Counts Three through Eleven in the Superseding Indictment.

## Procedural History

On February 27, 2020, a grand jury sitting in the Southern District of Texas returned the original indictment in this case, charging the defendant with two counts of making false statements in violation of 18 U.S.C. § 1001. Shortly thereafter the COVID-19 pandemic began in earnest, and it had significant impacts in how federal court operations were handled in the Southern District of Texas and throughout the United States.

1

On April 20, 2020, the defendant had her initial appearance in the Southern District of Texas on the original Indictment in this case via video proceedings. At this time, the defendant was given a $25,000.00 unsecured bond pending trial and advised of her conditions of release.

On April 21, 2020, the United States District Court issued a written order setting conditions of release for the defendant, consistent with what she had been advised of the previous day. *See Order Setting Conditions of Release* (ECF No. 20) (attached as Exhibit A). The first condition of release was that the defendant "must not violate federal, state, or local law while on release." *Id.* As explained below, the defendant carried out a wire fraud and money laundering scheme while she was on supervised release. On December 1, 2022, a grand jury sitting in the Southern District of Texas returned a Superseding Indictment, which charged the defendant with six additional counts of wire fraud, in violation of 18 U.S.C. § 1343, and three additional counts of money laundering, in violation of 18 U.S.C. § 1957. Eight of the nine new charged offenses are alleged to have occurred after the defendant had been released on conditions.

On December 9, 2022, the defendant was arrested in the District of Kansas. During her initial appearance that same day, the defendant requested identity and detention hearings. However, at the planned detention hearing on December 12, 2022, the defendant waived her right to an identity and detention hearing, and she

was ordered remanded and transported to the Southern District of Texas. The defendant is scheduled to be arraigned in the Southern District of Texas on December 21, 2022.

## Law and Argument

"A person who has been released under section 3142 of this title, and who has violated a condition of his release, is subject to a revocation of release, an order of detention, and a prosecution for contempt of court." 18 U.S.C. § 3142(a). Section 3148 thus provides several potential sanctions that could be imposed on a defendant who violates the conditions of his or her pretrial release. Those sanctions can include a revocation of the release order, an order of detention, and a prosecution for contempt of court. The United States is seeking this Court impose both of the first two sanctions, as we believe the facts of the defendant's pretrial release violation warrants each of them.

A district court is required to revoke an order of release under 18 U.S.C. § 3148(b) if, after a hearing, the court determines either (1) that there is probable cause to believe that the person has committed a federal, state or local crime while on release or (2) that there is clear and convincing evidence that the person has violated any other condition of release. 18 U.S.C. § 3148(b)(1)(A)-(B). *See generally United States v. Aron*, 904 F.2d 221, 224 (5th Cir. 1990). In addition, the court must find by a preponderance of the evidence that (1) there is no condition or

combination of conditions of release that will assure that the person will not flee or pose a danger to the community or (2) that the person is unlikely to abide by any condition or combination of conditions of release. 18 U.S.C. § 3148(b)(2).

"Probable cause under § 3148(b)(1)(A) requires only a practical probability that the evidence supports a finding that the defendant has committed a crime while on bail." *United States v. LaFontaine*, 210 F.3d 125, 133 (2nd Cir. 2000). As the Fifth Circuit has held, the facts presented must "warrant a man of reasonable caution in the belief that the defendant has committed a crime while on bail." *Aron*, 904 F.2d at 224 (internal quotation omitted).

If probable cause is shown, a rebuttable presumption arises that no condition or combination of conditions will assure that the defendant will not pose a danger to the safety of any other person or the community." *Id.*; see also § 3148(b)(2)(A). "In other words, there is a rebuttable presumption that the requirement of § 3148(b)(2)(A) is met because there is probable cause to believe that Defendant already has committed a felony while on release. The burden of production, but not the burden of persuasion, thus shifts to Defendant to show that this conclusion is not warranted." *United States v. Wilson*, 820 F. Supp. 1031 (N. D. Tex. 1993) (citing *United States v. Cook,* 880 F.2d 1158, 1162 (10th Cir.1989)).

Moreover, this presumption of detention remains as a factor even if the defendant meets the burden of production. "That presumption does not disappear

once the defendant has produced some rebuttal evidence, but continues to be weighed along with other factors." *LaFontaine*, 210 F.3d at 130. *See also Cook*, 880 F.2d at 1162.

Here, there is no serious argument that probable cause is lacking to believe the defendant committed a federal crime while on release. The grand jury's superseding indictment, which details the timeline of the defendant's fraud and money laundering scheme, demonstrate *per se* the existence of a new law violation, at or above the level of probable cause. Moreover, if the Court desires, the government will be ready to supplement the record with any additional facts necessary, akin to a detention hearing.

In short, the defendant devised and executed a real estate fraud scheme, involving multiple victims and multiple misrepresentations, over a period of months and years. She then laundered the proceeds of the scheme by moving the money in designated financial transactions, in violation of 18 U.S.C. § 1957. A potential motivation to commit the crime may have been to pay her lawyers, as the government has identified suspicious wire transfers involving the proceeds of the scheme from the defendant to her current counsel. *See Superseding Indictment* pp. 5–12.

Other potential violations of her pretrial release conditions may exist, including failure to maintain employment. However, the simplest and most pressing

reason for revoking her conditions of release stem from her new law violations. Probable cause exists to believe that the defendant has committed serial wire fraud and money laundering violations while on bond.

Further, no conditions of release could be imposed that would reasonably assure her appearance or protect victims or the community. This Court should apply the presumption and find that the conditions in § 3148(b) are satisfied, and it should detain the defendant. No condition or conditions will assure that the defendant will not pose a danger to the community. This is because the defendant not only violated a condition of her release, but also engaged in a series of intentional, criminal acts which are the subject of new charges.

The seriousness of these new violations is obvious, as is their impact on the question whether the defendant can follow conditions of release and whether she is a danger to the community. The Fifth Circuit has repeatedly upheld detentions based on much less serious violations. In *Aron*, for example, the Fifth Circuit upheld a § 3148 detention order based on an uncharged instance of witness tampering. 904 F.2d at 224. Similarly, in *United States v. Okechuku*, the Fifth Circuit upheld detention under § 3148 based on uncharged conduct when a defendant released before trial violated his conditions of release by continuing to illegally dispense hydrocodone. 615 Fed. App'x 190, *191 (5th Cir. 2015) (unpublished op.).

In *United States v. Minor*, the Fifth Circuit upheld the detention of a defendant

who had initially been released because on two occasions he was outside the range of his electronic monitoring equipment without authorization. 204 Fed. App'x 453, **1 (5th Cir. 2006) (unpublished op.). Perhaps the most analogous factual case is *United States v. Mackie*, 876 F. Supp. 1489, 1490–92 (E.D. La. 1994), where a district court in Louisiana affirmed a magistrate judge's decision to detain a defendant under § 3148 where the defendant had been charged with wire fraud, was released on bond, was alleged to have committed additional fraud on release, and was indicted in a superseding indictment with additional wire fraud counts. *See id. Mackie* also notes helpfully that the "safety to the community" phrase in § 3148 can apply to the danger of the defendant engaging in "criminal activity to the community's detriment" and not just a danger of physical violence. *Id.* at 1491.

## Conclusion

For the reasons detailed above, the United States requests the Court revoke the order allowing defendant's release pending trial on the original Indictment and order her detained pending trial on the Superseding Indictment.

Respectfully submitted,

ALAMDAR S. HAMDANI
United States Attorney


By: __s/Arthur R. Jones_____
ARTHUR R. JONES
Assistant United States Attorney
Federal Bar No. 32963
Texas Bar No. 24051986
1000 Louisiana St., Suite 2300
Houston, Texas 77002
Phone: 713-567-9357
Fax: 713-718-3305

## CERTIFICATE OF CONFERENCE

The undersigned Assistant United States Attorney has discussed the issue of the defendant's potential detention with the attorneys representing the defendant in this case, and they stated they are opposed to the Court detaining the defendant pending trial.

CERTIFICATE OF SERVICE

On December 21, 2022, the United States provided a copy of this motion to the attorneys for the defendant via electronic case filing (ECF).

By:   /s/ Arthur R. Jones  
ARTHUR R. JONES  
Assistant United States Attorney